## CIVIL MINUTES - GENERAL                     JS-6

| Case No. | CV 11-00919 CAS (OPx) | Date | July 20, 2011 |
|---|---|---|---|
| Title | LISA GRANT v. JUAN NUNEZ, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers): PLAINTIFF LISA GRANT'S MOTION TO REMAND** (filed 06/21/11)

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing date of July 25, 2011, is hereby vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

On April 29, 2011, plaintiff filed the complaint in the instant action in the Riverside County Superior Court.  Plaintiff claims that on March 21, 26, 31, and April 6, 2011 she was architecturally barred from accessing defendants' business, Pizza Palace, due to their failure to comply with the Unruh Act, and California's Title 24 Building Code Requirements.  Compl. at ¶ 5.  Specifically, plaintiff claims that the defendants' establishment failed to provide handicapped parking and failed to have disability tow away signs at its entrance.  Id.

On June 9, 2011, defendants removed the instant action to this Court under a theory of federal question jurisdiction, 28 U.S.C. § 1331.  On June 21, 2011, plaintiff filed a motion to remand.  On July, 11, 2011, defendants filed an opposition to the motion to remand.  Having carefully considered the parties' arguments, the Court finds as follows.

## II.     LEGAL STANDARD

Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction.  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  Removal founded on

**CIVIL MINUTES - GENERAL**    **JS-6**

| Case No. | CV 11-00919 CAS (OPx) | Date | July 20, 2011 |
|----------|----------------------|------|---------------|
| Title | LISA GRANT v. JUAN NUNEZ, ET AL. | | |

diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000.  See Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1).

To support removal based on diversity jurisdiction in cases where a plaintiff's complaint does not specify a particular amount of damages, the removing defendants bears the burden of establishing, by a preponderance of evidence, that the amount in controversy exceeds $75,000.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  Conclusory allegations are insufficient.  Matheson, 319 F.3d at 1091.  If the complaint is silent on the amount of damages claimed, the court may also consider facts in the removal petition and "summary-judgement-type evidence relevant to the amount in controversy at the time of removal."  Id., (quoting Allen v. R. & H. Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

A speculative argument as to the amount in controversy is insufficient.  Gaus, 880 F.2d at 567.  The defendants bears the burden of "actually providing ... facts to support...[the] jurisdictional amount."  Id.  The amount in controversy includes claims for general and special damages (excluding costs and interest), attorneys' fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.  Richmond v. Allstate, Ins. Co., 897 F.Supp. 447, 450 (S.D. Cal. 1995).

## III.   DISCUSSION

Plaintiff argues that defendants cannot remove the instant action because the suit does not concern a question that arises out of federal law.  Mot at 2.  Specifically, plaintiff only seeks damages for defendants' alleged violations of the California Unruh Act, California Civil Code § 51 et seq., and the California Disabled Persons Act.  Id. at 3-4.  Plaintiff requests that this Court remand the case to the California Superior Court and to award her reasonable attorney fees of $1,575.00 for having to bring this motion.  Id. at 4.

Defendants argue that removal is proper under 28 U.S.C. § 1443.  Section 1443 states:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the

○

## CIVIL MINUTES - GENERAL                    JS-6

| Case No. | CV 11-00919 CAS (OPx) | Date | July 20, 2011 |
|---|---|---|---|
| Title | LISA GRANT v. JUAN NUNEZ, ET AL. | | |

United States for the district and division embracing the place wherein it is pending:

(1.) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United State, or of all persons within the jurisdiction thereof;

(2.) For any act under the color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443.

In order to remove an action pursuant to § 1443 a state court defendant must demonstrate both: (1) the he or she is being deprived of rights guaranteed by a federal law providing for equal rights; and (2) that he or she is denied or cannot enforce that right in the courts of the state. <u>State of Georgia v. Rachel</u>, 384 U.S. 780, at 788 (1966). Defendants have made no showing that they have been denied or cannot enforce the civil rights at issue in the instant action in state court. Therefore, the Court finds removal is improper under 20 U.S.C. § 1443.

Defendants has failed to allege any alternative grounds for federal question jurisdiction. Finding that defendants have stated no basis for removal, this Court GRANTS plaintiff's motion to remand the instant action to Riverside County Superior Court. The Court declines to award attorneys' fees to plaintiff.

## IV.    Conclusion

In accordance with the foregoing, the Court GRANTS plaintiff's motion to remand and DENIES plaintiff's request for attorneys'.

IT IS SO ORDERED.

CC: Order of Remand, Docket, and Letter of Remand to Superior Court of CA for the County of Riverside,RIC 1107502.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |